UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SANDRA E. COOK,

      Petitioner,

v.                                          Case No. 3:18-cv-545-MMH-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

_____

## ORDER

### I. Status

Petitioner Sandra Cook, an inmate of the Florida penal system, initiated this action on April 17, 2018,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] In the Petition, Cook states that she is challenging 2013 judgments in two separate cases. Specifically, she purports to challenge a judgment in which she was convicted for armed robbery (Duval Case Number 16-2013-CF-1522-AXXX-MA) and another in which she was convicted for robbery and aggravated fleeing or attempting to elude a law enforcement officer (Duval Case Number 16-2013-CF-1395-AXXX-MA).

_____

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[2] Cook subsequently obtained counsel to represent her in this action. See Doc. 4.

However, the grounds for relief she raises address only the armed robbery case. See Petition at 5-7.[3] Respondents have submitted a motion to dismiss the Petition. See Motion to Dismiss Petition for Writ of Habeas Corpus (Response; Doc. 21) with exhibits (Resp. Ex.). Cook filed a brief in reply. See Response in Opposition to Motion to Dismiss Petition for Writ of Habeas Corpus (Reply; Doc. 14). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

---

[3] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that this action is untimely. Response at 9-17. In her Reply, Cook argues that she is entitled to equitable tolling because "the state court's resolution of her case made it impossible for a pro se inmate to determine the § 2254 deadline," Reply at 1, and she is actually innocent, id. at 1-9. The following procedural history is relevant to the determination of the one-year limitations issue.

In case 2013-CF-1522, a jury found Cook guilty of armed robbery. Resp. Ex. A at 100-01. On August 27, 2013, the circuit court adjudicated her to be a habitual felony offender and sentenced her to a term of incarceration of thirty years in prison. Id. at 141-147. In case 2013-CF-1395, Cook entered an open plea of guilty on August 26, 2013. Resp. Ex. F at 39-40. The following day, the circuit court adjudicated Cook to be a habitual felony offender and sentenced

her to a term of incarceration of thirty years in prison as to each count. Id. at 41-47. Cook appealed her judgment and conviction in both cases in a consolidated appeal before Florida's First District Court of Appeal (First DCA). Resp. Ex. I. On October 31, 2014, the First DCA per curiam affirmed Cook's judgments and sentences but remanded to strike the imposition of a $100 court cost. Resp. Ex. M. The mandates were issued on November 18, 2014. Id. The circuit court corrected the judgment and sentence forms on November 12, 2014. Resp. Ex. N.

As Cook's convictions and sentences became final after the effective date of AEDPA, her Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Cook's convictions and sentences became final when the time for filing a petition for certiorari in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). Therefore, Cook's judgment became final ninety days after October 31, 2014, which was January 29, 2015. See Chavers v. Sec., Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006). Accordingly, Cook had until January 29, 2016, to file a federal habeas petition. Cook did not file the instant Petition until April 17, 2018. Thus, the Petition is due to be dismissed as untimely unless she can

avail herself of the statutory provisions which extend or toll the limitations period.

On January 5, 2015, prior to the start of her one-year limitations period, Cook filed in case 2013-CF-1522 a pro se motion to reduce her sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). Resp. Ex. O. The postconviction court denied the motion on March 10, 2015, Resp. Ex. P; therefore, Cook's limitation period in case 2013-CF-1522 actually began the same day and ultimately ended on March 10, 2016, without Cook having filed a motion to toll the statute of limitations. The record reflects that Cook's next filing that would have tolled the statute of limitations occurred on October 31, 2016, when she, with the assistance of counsel, filed in both of her cases a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. As she filed the motion after the expiration of the one-year limitations period for each judgment, it could not toll the statute of limitations. Cook does not dispute this procedural history. Reply at 4-5, 8. Accordingly, the Petition was not timely filed as to either judgment.

To excuse the failure to timely file, Cook makes two arguments. First, she contends that she is entitled to equitable tolling because at the time she pursued her state court claims, "she had not been advised of her ability to seek federal habeas relief and had no ability to know that a federal habeas deadline could be looming." Id. at 8. "Equitable tolling can be applied to prevent the

5

application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). A petitioner establishes equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "As with any litigant, pro se litigants 'are deemed to know of the one-year statute of limitations'" and, therefore, "confusion or ignorance about the law" does not constitute extraordinary circumstances. Perez v. Florida, 519 F., App'x 995, 997 (11th Cir. 2013) (citations omitted). Accordingly, Cooks first argument fails. See id.

Second, Cook asserts that she is actually innocent and thus a manifest injustice would occur if the Court did not review the merits of the Petition. Reply at 8-9. Cook maintains that her two claims as presented in the Petition demonstrate her factual innocence because her "arguments" in her Petition show that she did not possess a firearm and, therefore, she is factually innocent of armed robbery. Id. at 9. Additionally, Cook maintains that "[s]he has also provided arguments demonstrating that the robberies were committed while [she] was under duress as a result of credible threats made to her life if she did not commit the robberies." Id.

In <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 386 (2013), the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. The United States Supreme Court explained:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in <u>Schlup</u>[4] and <u>House</u>,[5] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." <u>Schlup</u>, 513 U.S., at 329, 115 S.Ct. 851; <u>see</u> <u>House</u>, 547 U.S. at 538, 126 S.Ct. 2064 (emphasizing that the <u>Schlup</u> standard is "demanding" and seldom met). And in making an assessment of the kind <u>Schlup</u> envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. <u>Schlup</u>, 513 U.S., at 332, 115 S.Ct. 851.

<u>Id.</u> at 386-87. Importantly, the Court has "emphasized that the miscarriage of justice exception is concerned with actual as compared to legal innocence." <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339 (1992).

Cook's first ground for relief is an argument that there was insufficient evidence at trial to prove she possessed a firearm. Petition at 5. Cook presented

---

[4] <u>Schlup v. Delo</u>, 513 U.S. 298 (1995).
[5] <u>House v. Bell</u>, 547 U.S. 518 (2006).

no new evidence in support of this claim; instead, she relies solely on the evidence, or lack thereof, presented at trial to support her argument. See generally Petition; Doc. 5. Accordingly, this claim does not meet the actual innocence exception because it raises only a claim of legal innocence and not factual innocence. See Johnson v. Alabama, 256 F.3d 1156, 1171-72 (11th Cir. 2001) (finding claim of insufficient evidence at trial, without new evidence, did not establish actual innocence to overcome procedural bar).

Next, Cook alleges in the Petition that her trial counsel was deficient for failing to present a duress defense at trial and advising her not to testify at trial even though she could provide testimony supporting a duress defense. Petition at 7. According to Cook, who asserts she was a drug addict at the time, her dealer threatened to "put a gun down her throat" if she did not pay him back. Id. Cook maintains that she committed the robbery because she believed she would be killed if she did not. Id. Cook asserts that she has a witness who would corroborate the threats to her life. Doc. 5 at 21. Again, Cook's argument fails to establish her factual innocence and, therefore, she has not demonstrated a miscarriage of justice. See Smith v. Addison, 373 F. App'x 886, 889 (10th Cir. 2010) (finding petitioner failed to establish claim of actual evidence based on duress defense where "that defense presents a legal justification for his conduct, not a claim of factual innocence."); Ford v. Sec'y, Dep't of Corr., No. 8:16-CV-2866-T-27JSS, 2020 WL 7318985, at *2 (M.D. Fla.

8

Dec. 11, 2020) (concluding that the petitioner had not shown that he was factually innocent where he argued a duress defense established his actual innocence). Accordingly, for the above stated reasons, the Petition is due to be dismissed as untimely.

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Cook seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Cook "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a

claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DISMISSED as untimely**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    If Cook appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

10

4.     The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of April, 2021.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C:    Sandra Cook #J42238
      Counsel of record